**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

APRIL E. CLARK,

    Plaintiff,

v.                                           Case No:  8:12-CV-1409-T-30MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court upon consideration of the Report and Recommendation submitted by Magistrate Judge Mark A. Pizzo (Dkt. 15) and Plaintiff's Response to Report and Recommendation (Dkt. 16).  After careful consideration of the Report and Recommendation of the Magistrate Judge and the Plaintiff's objection in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Plaintiff Clark brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) as applied to Title XVI of the Act by 42 U.S.C. § 1383(c)(3), to obtain judicial review of the Commissioner's final decision denying her application for supplemental security income benefits.  On April 19, 2012, the Appeals Council denied

Clark's request for review of the Administrative Law Judge's unfavorable decision on her claim for benefits. The denial of the Appeals Council made the Administrative Law Judge's decision the final decision of the Commissioner. On June 26, 2012, Clark filed a civil action in federal court seeking review of the Commissioner's decision. Defendant Commissioner moved to dismiss based on Fed. R. Civ. P. 12(b)(6) for Clark's failure to state a claim upon which relief can be granted because of her untimely filing of the complaint. The Magistrate Judge recommended the motion to dismiss be granted and Clark objected to that recommendation.

Federal Rule of Civil Procedure 12(b)(6) requires an action to be dismissed if a dispositive legal issue precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A court must assume all factual allegations in the complaint are true; however, a court must dismiss a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 326-27 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Ordinarily, extrinsic documents outside the pleadings are not considered when deciding a motion to dismiss under Rule 12(b)(6). However, a court may consider extrinsic documents when they are central to the plaintiff's claim and their authenticity is not disputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Congress has stated that judicial review in cases arising under the Social Security Act is permitted only in accordance with 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*See, e.g.,* 20 C.F.R. § 416.1481 (explaining that an action may be filed "in Federal district court within 60 days after the date you receive notice of the Appeals Council's action"); *Velez v. Apfel*, 229 F.3d 1136, 1136 (2d Cir. 2000) ("A final decision of the Social Security Administration must be appealed to federal district court within 60 days of the claimant's receipt of notice of the decision." (citing 42 U.S.C. § 405(g)).  Pursuant to 20 C.F.R. 422.210(c), "the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." As such, a party has sixty-five days from the date of the notice of decision in which to file a civil action in district court.

The Supreme Court has stated the sixty-day requirement in 42 U.S.C. § 405(g) "is not jurisdictional, but rather is a statute of limitations." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).  Because 42 U.S.C. § 405(h) provides the exclusive avenue for judicial review of the Commissioner's decisions, the doctrine of sovereign immunity insists that all requirements of the statute, including the sixty-day statute of limitations, must be satisfied. *United States v. Dalm*, 494 U.S. 596, 608 (1990).

In the instant case, Clark filed her complaint on the sixty-sixth day. According to the declaration of Patrick Herbst, the notice of final decision is dated April 19, 2012. Including the presumed five-day receipt of the notice, the sixty-five day statute of limitations for commencing a civil action lapsed on June 25, 2012. Clark filed her action on June 26, 2012, and she does not allege in her complaint or objection that the Commissioner provided an extension of that date. Rather, she admits the late filing and requests the Court to excuse her tardiness due to a mailing mistake with the U.S. Postal Service.

Equitable tolling is available to a claimant who untimely filed in the district court. *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). However, "equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances. . . . 'where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her.'" *Id.* (quoting *Waller v. Comm'r*, 168 Fed. Appx. 919, 922 (11th Cir. 2006)). Clearly, a late mailing of the complaint is not an extraordinary circumstance that would justify tolling the statute of limitations.

Therefore, Clark's complaint should be dismissed for failure to state a cause of action upon which relief can be granted.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

1. The Report and Recommendation (Dkt. 15) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Defendant's Motion to Dismiss (Dkt. 14) is GRANTED.

3. The Clerk is directed to enter judgment pursuant to Rule 58 in favor of the Defendant.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 9, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

S:\Odd\2012\12-cv-1409.adopt 15.wpd